## DANFORTH S. CLARK ET AL.
### v.
## OSMAN J. WILSON ET AL.

*Assignment—Fraudulent Conveyance—Bill to Set Aside—Evidence— Acknowledgments.*

1. An acknowledgment of a deed to which is attached the notary's seal, without his signature, is insufficient.

2. The record of an unacknowledged deed will not be received as evidence of its execution.

3. Conveyances can not be proved by parol, nor the execution of a deed by the admissions of persons not first shown to have been in privity with the title under which the grantee claims.

[Opinion filed May 28, 1888.]

In error to the Circuit Court of La Salle County; the Hon. Charles Blanchard, Judge, presiding.

Messrs. Bull, Strawn & Ruger, for plaintiffs in error.

If the acknowledgment to the deed was imperfect, still the recording of the deed was notice to subsequent purchasers of all it contained. Starr & C. Ill. Stat., Ch. 30, Sec. 32; Reed et al. v. Kemp, 16 Ill. 445; Stebbins v. Duncan, 108 U. S. 32.

A deed may be valid and binding on the parties to it without any acknowledgment. Semple v. Miles, 2 Scam. 315; McConnell v. Reed, 2 Scam. 371; Robinson et al. v. Robinson et al., 116 Ill. 250; Roane v. Baker et al., 120 Ill. 308.

And the execution of the deed may be proved by admissions of the grantor or any other competent evidence. Dundy v. Chambers et al., 23 Ill. 369.

It is hard to see how the court below could dismiss the bill as to Boozle and Abram Wilson under the evidence, unexplained and uncontradicted. The evidence raised a strong presumption of fraud, and therefore it devolved upon Boozle to prove that he paid the purchase money for the property. Draper v. Draper, 68 Ill. 17; Brown et al. v. Welch, 18 Ill. 343.

Whatever circumstances convince the mind that fraud has been perpetrated are sufficient to prove it. Bryant et al. v. Simoneau et al., 51 Ill. 324; Reed v. Noxon, 48 Ill. 323; Carter v. Gunnels et al., 67 Ill. 270.

Messrs. McDougall & Chapman, for Henry Boozle, defendant in error.

The record of the alleged deed of Abram Wilson to O. J. Wilson, under date of October 20, 1833, is not competent evidence, for the reason that the certificate of acknowledgment is not signed, and no effort was made to secure and make proof of the execution of the original, if, indeed, any such deed ever existed. Ill. Stat., Chap. 30, Sec. 21, Starr & Curtis' Ed., p. 580; Ill. Stat., Chap. 30, Sec. 32, Starr & Curtis' Ed., p. 596; Reed v. Kemp, 16 Ill. 445.

The rule is well settled that the declarations of a vendor

after sale of land are not admissible to impeach the title of his vendee.   Fyffe v. Fyffe, 106 Ill. 646.

The admissions and declarations of a grantor of land made when the grantee is not present can not be admitted in evidence to invalidate his deed or to affect his grantee.   Bentley et al. v. O'Brien et al., 111 Ill. 53.

The statements of a vendor of land made after the sale are not admissible for the purpose of showing the transaction was fraudulent, or to prove any other fact affecting the title of the vendee.   Gridley v. Bingham, 51 Ill. 153; Minor v. Phillips, 42 Ill. 123; Myers v. Kinsey, 26 Ill. 36; Simpkins v. Rogers, 15 Ill. 397.

The alleged declaration of O. J. Wilson to George McDonald, in October, 1884, is not competent, for the reason that, though made prior to the deed of said O. J. Wilson to Abram Wilson, December 18, 1884, the defendant in error, O. J. Wilson, at that time had not, so far as this record shows, any title to or interest in said premises, nor was he in possession thereof, nor had he ever been the owner or in possession thereof; nor would the sale have been different had he been the owner and in possession thereof if made in the absence of Henry Boozle. Wash. Real Prop., Vol. 3, Sec. 53, p. 638, 4th Ed.; Barrett v. French, 1 Conn. 635; 6 Am. Dec. 241; Pettibone v. Phelps, 13 Conn. 445; 35 Am. Dec. 88, and note.

The admission of O. J. Wilson in his answer that, prior to December 18, 1884, he held the legal title to said premises, and the confession of Abram Wilson, by permitting a default to be taken against him, can not be regarded as evidence against Henry Boozle, their co-defendant.   Russ et al. v. Mansfield et al., 25 Ill. 338.

Messrs. MAYO & WIDMER, for John J. Wilson, defendant in error.

LACEY, J.   This was a bill brought by the plaintiffs in error, judgment creditors of defendant in error, Osman J. Wilson, in aid of the assignee for the benefit of the creditors of said Wilson, the assignee neglecting and refusing to bring the suit.

It was sought by the bill to set aside certain deeds, mortgages, notes and acknowledgments of indebtedness executed and made by the said Wilson to different parties shortly before the execution of the deed of assignment by him, as fraudulent and void and as in fraud of the assignment.

Upon final hearing the Circuit Court rendered a decree in said cause granting complainants certain relief and refusing certain other relief asked for.

Among the matters of relief asked for by the plaintiffs in error was the setting aside as fraudulent a certain supposed deed, executed by said Osman J. Wilson, the assignor, and wife, prior to his assignment (Dec. 18, 1884) to Abram Wilson in consideration of $1, as named in the deed, for the west one-half of lot 19 in Earlville, and also a deed on the same lot executed by said Abram Wilson and wife to Henry Boozle, one of the respondents, December 20, 1884, for a consideration named in the deed of $3,000, and also a certain promissory note executed by the said O. J. Wilson to his son John T. Wilson for the sum of $1,000 executed December 18, 1884, just prior to the assignment.

The court below refused the relief asked as to the above named deeds and note and dismissed the bill as to Abram Wilson and Henry Boozle, no relief being sought as to them except as to said deeds, but held and decreed, as regards the note of $1,000 given to John T. Wilson, that it be allowed as a claim against the said estate of O. J. Wilson to be paid *pro rata* the same as other claims.

The above ruling and action of the Circuit Court is all that is sought to be reversed on this writ of error.

It appears from the evidence that Abram Wilson was the owner of the said half lot in Earlville as far back as April 18, 1883, by deed to him of that date for said lot from the legal heirs of Benjamin Reynolds. It therefore became indispensable for plaintiff in error to show that O. J. Wilson at some time owned the said lot in question, otherwise, he never having owned the lot and never having any interest in it, there could be no fraud in his conveyance to his son Abram by mere quit claim deed.

It appears from the evidence that O. J. Wilson never had possession of the lot; the possession always having been in Abram. In order to show that O. J. Wilson ever had title in the said premises the plaintiffs in error offered what purported to be the record of a deed to said lot by Abram Wilson and wife to him, dated October 20, 1883. It appeared from an examination of the record that the deed purported to have been acknowledged before a notary public, and while a notary's seal was attached to the acknowledgment the name of the notary was not signed to it.

The reading of this record in evidence was objected to by Boozle for the reason that the acknowledgment was not signed. We are clearly of the opinion that the deed was not properly acknowledged, so as to make the record evidence of the execution of the deed. We are also of the opinion that there was no other competent evidence of the execution of the deed. Certain witnesses, Kelley, Munson, Bliss, Poole and Taylor, were introduced to show admissions of O. J. Wilson, made out of the presence of Boozle after he had acquired title to the lot from Abram, to the effect that O. J. Wilson had been the owner of the land at one time; also McDonald, to show that prior to the time that O. J. Wilson executed the deed to Abram, October, 1884, and after the supposed deed from Abram to O. J., the latter claimed to own the lot.

We hold that none of the above evidence was competent to prove the execution of the supposed deed from Abram to O. J. Wilson. Abram had had a complete chain of title to the lot without deriving title to it through O. J. Wilson, and after the deed from Abram to Boozle he also had a complete title to the lot without reference to the deed from O. J. Wilson to Abram, unless it should be shown that the supposed deed from Abram to O. J. Wilson had, in fact, been executed. The law did not require him to claim title through O. J. Wilson. He might rely on his chain of title without the latter's conveyance to Abram Wilson.

Defendant in error's (Boozle's) title was not dependent on showing that O. J. Wilson once had title as supposed by coun-

sel, but it was sought to prove that O. J. Wilson had once the legal title, as a starting point to attack the title of defendant in error, Boozle.

Such admissions are incompetent to show the execution of the deed either made after or before the deed from O. J. Wilson to Abram Wilson. Conveyances can not be proved by parol evidence and the execution of a deed can not be proved by the admissions of persons not first shown to have been in privity with the title under which the grantee claims.

Evidence of possession is competent to show title, but in this case O. J. Wilson never had possession of the lot. Even if admissions of the holder of the title to real estate may be competent evidence to impeach title when made by a person while the owner is in possession against his subsequent grantees under certain circumstances (a question we need not decide), yet this would be an exception to the general rule against hearsay evidence based on the ground that such admissions are made against the owner's interests and are *res gestæ*. But this ownership must in some way be shown by evidence other than the admissions. It would be just as competent to prove agency by the admissions of the supposed agent as to allow title to be shown by the declarations of the supposed grantee.

We are clearly of the opinion that the execution of the deed can not be proven by showing the state of the accounts between O. J. and Abram Wilson.

That throws no light on the subject. The plaintiffs in error can not invoke either the answer to the bill of O. J. Wilson or the default of Abram Wilson as admitting title against their co-respondent, Boozle. The latter not admitting, in his answer, title in O. J. Wilson at any time, the matter must be regarded conformably to the rules of pleading as though expressly denied.

Plaintiffs in error are put on their proof. The plaintiffs in error having failed to prove the allegations of the bill and to show the execution of the alleged deed from Abram to O. J. Wilson, the question of fraud on the part of O. J. in the execution of his quit claim deed to Abram becomes imma-

terial, there appearing to be a complete title in Boozle without such deed. It would be improper to set aside Boozle's title and subject the lot to sale for the payment of O. J. Wilson's debts. There only remains to determine whether the $1,000 note given by O. J. Wilson to John T. Wilson was given for a *bona fide* debt. The evidence on this point is quite voluminous and we have examined it with care, but find nothing in it to convince us that the court below erred in holding that the note was given for a *bona fide* consideration. It would serve no good purpose to canvass the evidence in detail, and therefore we omit to do so. The allowance of the claim payab'e *pro rata* is also proper under the circumstances. We, upon the whole case, are satisfied with the decree of the court below.

The decree is therefore affirmed.

*Decree affirmed.*